```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


MANUEL COREAS                    )
                                 )
     Petitioner,                 )
                                 )
          v.                     )   1:11cv00898 (JCC/TRJ)
                                 )
ENRIQUE LUCERO, et al.,          )
                                 )
     Respondents.                )
```

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Respondents' Motion to Dismiss [Dkt. 5] and Motion for Summary Judgment [Dkt. 6]. For the following reasons, the Court will grant Respondents' Motion to Dismiss and deny Respondents' Motion for Summary Judgment as moot.

### I. Background

This case arises out of the detention by Immigration and Customs Enforcement ("ICE") of Petitioner Manuel Coreas ("Petitioner") following a third driving under the influence ("DUI") offense within ten years. Respondents are Enrique Lucero, District Director for Interior Enforcement at ICE, Janet Napolitano, Secretary for the Department of Homeland Security ("DHS"), and Ernest Toney, Superintendent of Piedmont Regional Jail (collectively, the "Respondents").

A.  Factual Background

Petitioner is a citizen of El Salvador and a lawful permanent resident of the United States. (Petition [Dkt. 1] ("Pet.") ¶¶ 12-13.) Petitioner was placed in removal proceedings after an immigration judge ("IJ") on September 30, 2009 found him removable based on a petit larceny conviction dated April 26, 2001. (Pet. ¶ 12.)

The IJ released petitioner on $2,000 bond pursuant to Petitioner's motion for release. (Pet. ¶ 13.) On October 1, 2009, Petitioner posted bond and was released from custody. (Pet. ¶ 14.)

On November 21, 2010, Petitioner was arrested for DUI in Loudon County. (*Id.*) The General District Court denied bond. (*Id.*) On March 15, 2011, Petitioner was indicted by a grand jury on a felony charge of a third DUI offense within ten years. (*Id.*) The Circuit Court ordered Defendant to be held without bond on April 11, 2011. (*Id.*)

As a result of Petitioner's arrest, ICE lodged a detainer. (*Id.*) On April 11, 2011, Petitioner pleaded guilty to one count of a third DUI offense within ten years. (Pet. ¶ 15.) On May 26, 2011, Petitioner was sentenced to five years, with the sentence suspended except for time served, and placed on supervised probation for a period of two years. (*Id.*)

2

Petitioner was then transferred to ICE custody pursuant to the detainer. (*Id.*)

    B.    <u>Procedural Background</u>

On August, 22, 2011, Petitioner filed a petition for a writ of habeas corpus (the "Petition"). [Dkt. 1.] Petitioner first argues that the $2,000 bond granted by the IJ prior to his DUI remains in effect, and that ICE is without statutory or regulatory authority to detain him. (Pet. ¶¶ 19-20, 34.) Second, Petitioner argues that his detention by ICE violates the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 30-32, 36-38.) Petitioner seeks a declaration that ICE's conduct exceeds its statutory and regulatory authority and requests immediate release.

On September 22, 2011, Respondents filed their Motion to Dismiss [Dkt. 5] and Motion for Summary Judgment [Dkt. 6]. Petitioner filed an opposition on October 5, 2011 [Dkt. 9] to which Respondents replied on October 11, 2011 [Dkt. 10]. Respondents' Motions are before the Court.

## II. Standard of Review

    A.    <u>Rule 12(b)(1)</u>

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the

complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (citations omitted).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697

4

F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

  B. <u>Summary Judgment</u>

  Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

  Once a motion for summary judgment is properly made and supported, the opposing party must come forward and show that a genuine dispute exists. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  Rather, the non-moving party "must set

forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted).

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, the court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

A.  Subject Matter Jurisdiction

Respondents argue that the Petition must be dismissed because after Petitioner was detained by ICE, he appeared before an IJ who declined to alter Petitioner's custody status. (Memorandum in Support [Dkt. 7] ("Mem.") at 8.) According to Respondents, this exercise of discretion is not reviewable by this Court under the Immigration and Nationality Act ("INA"). (Mem. at 6-7).

Specifically, Respondents argue that the Court lacks jurisdiction to review discretionary decisions by the Attorney General exercised pursuant to Section 236 of the INA, 8 U.S.C. § 1226.[1] Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Unless detention is mandatory (the parties agree it is not here), the Attorney General may either (1) continue to detain the arrested alien or (2) release the alien on bond or conditional parole. *Id.* Section 1226(b) goes on to state that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Finally, section 1226(e) provides that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

---

[1] IJ's are officers within the Department of Justice. Hence, courts have held that the statutes cited *infra*, which refer to the Attorney General, preclude judicial review of discretionary decisions by IJ's, such as discretionary bond determinations. *See, e.g.*, *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 639-41 (E.D. Va. 2006).

Respondents also contend that Section 1252(a)(2)(B)(ii) of the INA deprives this Court of jurisdiction. That section provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).[2]

The Court need not reach these questions because, under the circumstances, the Court declines to find that the IJ made a discretionary decision regarding Petitioner's custody status. While Respondents maintain that the IJ "implicitly upheld ICE's detention decision" (Mem. at 8), they also concede that Petitioner neither requested the IJ to reinstate his previous bond nor requested a new bond.[3] (Mem. at 4.) Moreover,

---

[2] In a footnote, Respondents point to another provision, 8 U.S.C. § 1252(b)(9), which they claim divests district courts of jurisdiction over custody redeterminations by an IJ. (Mem. at 8 n.2.) That section provides that judicial review of legal and factual questions arising in removal proceedings rests with the circuit courts of appeals. *See Hatami*, 467 F. Supp. 2d at 641-42.

[3] In fact, when Petitioner's counsel stated his position, raised before this Court, that ICE lacked authority to revoke Petitioner's bond, the IJ responded "[t]hat's neither here nor there." (Master Calendar Hearing Tr. dated Aug. 24, 2011 [Dkt. 11-1] at 2:16-20.)

the hearing at which Petitioner appeared before the IJ was a master calendar hearing, not a bond redetermination hearing. (Opposition [Dkt. 9] ("Opp.") at 14 n.11.) While it may have been possible for Petitioner to challenge his detention at this hearing, the fact remains that he did not. And an IJ is required to follow certain procedures in making a determination concerning custody status or bond, which Respondents do not suggest were followed. *See* 8 C.F.R. § 1003.19(f) (requiring such determinations to be "entered on the appropriate form at the time such decision is made" and the parties to be "informed orally or in writing of the reasons for the decision"). Respondents' position that the IJ made a decision regarding Petitioner's custody status is also inconsistent with their subsequent argument that Petitioner should be required to exhaust his administrative remedies and ask the IJ to release him. For these reasons, the Court rejects Respondents' contention that the Court lacks jurisdiction based on a custody decision made by the IJ.

B. Exhaustion of Administrative Remedies

Respondents next argue that the Court should dismiss the Petition because Petitioner failed to exhaust his administrative remedies. Under the immigration laws, exhaustion is not statutorily required when a petitioner challenges decisions on bond. *Galvez v. Lewis*, 56 F. Supp. 2d 637, 644

9

(E.D. Va. 1999) (citations omitted).  But even without a statutory mandate, courts often require exhaustion as a matter of "sound judicial discretion."  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  "As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief."  *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (internal quotation marks and alteration omitted).  Exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.  *McCarthy*, 503 U.S. at 145.

The Court agrees that Petitioner should first exhaust his administrative remedies before requesting habeas relief.  Petitioner may challenge his ICE detention by seeking a custody redetermination by the IJ.  8 C.F.R. §§ 1236.1(d)(1), 1003.19(c)(1)-(3).  The IJ's decision may then be appealed to the Bureau of Immigration Appeals ("BIA").  8 C.F.R. §§ 1236.1(d)(3), 1003.38(b).

As discussed above, Petitioner never challenged his custody status or requested bond when he appeared before the IJ.  Respondents' counsel even notified Petitioner that it would not object should he request a bond redetermination hearing -- an offer which Petitioner turned down.  (Mem. at 10.)  Other courts

have concluded that a petitioner should be required to exhaust administrative remedies before filing a habeas challenge to ICE detention. *See, e.g.*, *Hamada v. Gillen,* 616 F. Supp. 2d 177, 183-84 (D. Mass. 2009); *Mutebi v. Mukasey*, No. 07-cv-02654, 2008 WL 4297035, at *6 (D. Colo. Sept. 11, 2008).

None of the factors which counsel against the exhaustion requirement are present here. *See McCarthy*, 503 U.S. at 146-48. Petitioner does not suggest that exhaustion would subject him to an unreasonable or indefinite time frame for administrative action. Indeed, Petitioner is currently scheduled to appear before the IJ on November 14, 2011, at which point he can ostensibly challenge his detention by ICE. (Master Calendar Hearing Tr. dated Aug. 24, 2011 [Dkt. 11-1] at 6:15-19.) Nor is there reason to believe exhaustion would be futile under these circumstances. The parties agree that bond is discretionary here. Because the propriety of Petitioner's detention by ICE was not squarely raised before the IJ, it cannot be said that he has predetermined the issue.

Moreover, a decision as to whether Petitioner's bond was properly revoked or Petitioner should be released falls directly within the IJ's statutory authority. *See* 8 U.S.C. § 1226(a); *see also McCarthy*, 503 U.S. at 145 ("Exhaustion concerns apply with particular force . . . when the agency proceedings in question allow the agency to apply its special

11

expertise.") And a bond redetermination hearing would moot Petitioner's concern that he has been detained by ICE without additional findings by the IJ. *See Reeder v. Phillips*, No. 1:07cv138, 2008 WL 2434003, at *2 (N.D. W.Va. June 12, 2008) (noting that the exhaustion requirement may promote judicial efficiency by mooting judicial controversies) (citing *McKart v. United States*, 395 U.S. 185, 195 (1969)).

Accordingly, the Court concludes that under these circumstances Petitioner must exhaust his administrative remedies prior to seeking habeas relief. This action is therefore dismissed without prejudice. Having granted Respondents' Motion to Dismiss, the Court denies Respondents' Motion for Summary Judgment as moot.

### IV. Conclusion

For these reasons, the Court will grant Respondents' Motion to Dismiss and deny Respondents' Motion for Summary Judgment as moot.

|  |  |
|---|---|
| November 2, 2011 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |